**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ELECTRICAL CONTRACTORS ASSOCIATION AND LOCAL UNION 134 IBEW HEALTH & WELFARE TRUST, | A CIVIL ACTION |
| Plaintiff, | NO. 12-CV-4 |
| v. | |
| | JUDGE: |
| MICHAEL HASTINGS, an individual, and HISKES, DILLNER, O'DONNELL, MAROVICH & LAPP, LTD. an Illinois Corporation, | MAGISTRATE JUDGE: |
| Defendants. | |

**VERIFIED COMPLAINT**

Now comes Plaintiff, BOARD OF TRUSTEES OF THE ELECTRICAL CONTRACTORS ASSOCIATION AND LOCAL UNION 134 IBEW HEALTH & WELFARE TRUST by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, MICHAEL HASTINGS and HISKES, DILLNER, O'DONNELL MAROVICH & LAPP, LTD., and states as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502(a)(3) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. § 1132(a)(3) (2006). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Furthermore, under 28 U.S.C. §1367, this Court has supplemental jurisdiction over related state law claims as such claims form part of the same case or controversy.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Electrical Insurance Trustees Health & Welfare Plan for Construction Workers is administered at 221 N. LaSalle St., Suite 200, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff BOARD OF TRUSTEES OF THE ELECTRICAL CONTRACTORS ASSOCIATION AND LOCAL UNION 134 IBEW HEALTH & WELFARE TRUST ("EIT FUND") is a fiduciary of the Electrical Insurance Trustees Health & Welfare Plan for Construction Workers ("Plan") and, as such, is entitled to bring this action pursuant to 29 U.S.C. §1132(a)(3).

4. Defendant MICHAEL HASTINGS ("HASTINGS") is a resident of the County of Will, State of Illinois.

5. Defendant HISKES, DILLNER, O'DONNELL, MAROVICH & LAPP, LTD. ("MAROVICH") is an Illinois corporation, in the business of providing legal services, located at 10759 West 159th Street, Suite 201, Orland Park, Illinois.

## FACTUAL ALLEGATIONS

6. The Plan is a self-funded welfare benefit plan as defined in 29 U.S.C. §1002(1) that provides, *inter alia*, medical benefits to Covered Individuals.

7. Defendant HASTINGS is a "Participant" as the term is defined on Page 79 of the Plan Document. (A copy of the Plan Document as amended is attached as Exhibit 1).

8. On or about February 7, 2008, Defendant HASTINGS slipped and fell and as a result

sustained bodily injury.

9. Defendant HASTINGS, by and through his attorney, MAROVICH, sued a third-party, Acres Enterprises, Inc. and other parties, for injuries and other damages he sustained as a result of the slip and fall, which he allegedly sustained as a result of Acres Enterprises, Inc.'s vehicle blocking the sidewalk. The case was assigned number 09 L 66004. ("Personal Injury Lawsuit").

10. In connection with the injuries Defendant HASTINGS suffered, the Plan paid medical benefits on his behalf totaling $45,166.32.

11. The Plan's subrogation and reimbursement provision in effect at the time of Defendant HASTINGS' fall states that if a Plan participant or dependent accepts benefits for medical charges that incurred due to injuries caused by a third party, the Plan is entitled to reimbursement for any amount recovered from third parties. (*See* Exhibit 1 – Plan Document, p. 31-32).

12. The Plan also provides that the Plan's rights to subrogation and reimbursement "give the plan priority over *any* funds . . . [including] attorneys' fees or other costs and expenses (the Illinois Common Fund Doctrine or any other state law affecting these rights is preempted)." (Exhibit 1 – Plan Document, p. 32).

13. Attorney Michael Marovich of MAROVICH is Defendant HASTINGS' attorney and is authorized to represent Defendant HASTINGS in matters involving the February 7, 2008 fall.

14. Attorney Michael Marovich is aware of the Plan's absolute right to reimbursement.

15. On or about August 18, 2011, the Defendant HASTINGS agreed to settle the Personal Injury Litigation in exchange for payment of $125,000.00.

16. On or about August 22, 2011, Attorney Michael Marovich of MAROVICH petitioned the state court in the Personal Injury Litigation to adjudicate the alleged lien that the EIT FUND had asserted over any recovery in the Personal Injury Litigation.

17. Rather than subjecting itself to the jurisdiction of the state court in the Personal Injury Litigation, the EIT FUND informed Attorney Michael Marovich of MAROVICH that it was not asserting a subrogation lien, but rather was asserting its right to reimbursement pursuant to the Plan Document.

18. On or about October 18, 2011, the state court in the Personal Injury Litigation entered an order in which it attempted to limit the EIT FUND'S right to reimbursement (hereinafter referred to as the "October 18, 2011 Order"). (A copy of the order is attached as Exhibit 2).

19. In the October 18, 2011 Order, the state court judge attempted to limit the EIT FUND'S right to reimbursement and its right to reduce future benefits in accordance with the terms of the Plan Document. (Exhibit 2).

20. On or about November 17, 2011, Attorney Michael Marovich of MAROVICH sent a letter and a check to the EIT FUND attempting to extinguish any further right to reimbursement if the EIT FUND accepted the check. (A copy of the letter and check is attached as Exhibit 3).

21. The EIT FUND has not deposited the check and is presently holding the check.

22. Upon information and belief, the remainder of the settlement proceeds from the Personal Injury Litigation is held in accounts maintained by HASTINGS and MAROVICH.

23. Plaintiff, through its attorneys and agents, has made repeated demands for full reimbursement of $45,166.32 medical benefits that the Plan paid on Defendant HASTING'S behalf.

24. Attorney Michael Marovich of MAROVICH has threatened to file a petition for rule to show

cause in the state court Personal Injury Litigation for failure to follow the terms of the October 18, 2011 Order.

25. This Court has the exclusive jurisdiction to determine what rights the Plan has to reimbursement under the terms of the Plan Document and ERISA pursuant to ERISA § 502(a)(3). 29 U.S.C. § 1132(a)(3) (2006).

26. As of today's date, Defendants HASTINGS and MAROVICH have refused to recognize the EIT FUND'S absolute right to recover pursuant to the Plan.

## **COUNT I –INJUNCTIVE RELEIF**

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28. The Defendants HASTINGS and MAROVICH refusal to recognize the EIT FUND'S absolute right to recover pursuant to the Plan is directly contrary the EIT FUND'S rights under ERISA.

29. ERISA § 502(a)(3)(A) (29 U.S.C. § 1132) permits a court "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."

30. Pursuant to ERISA § 502(a)(3)(A) (29 U.S.C. § 1132), the Plaintiffs are entitled to an injunction enjoining the Defendants HASTINGS and MAROVICH from petitioning, moving or otherwise attempting to enforce the terms of the October 18, 2011 Order in the Personal Injury Litigation.

31. Pursuant to ERISA § 502(a)(3)(A) (29 U.S.C. § 1132) and the All Writs Act (28 U.S.C. § 1651), the Plaintiffs are entitled to an injunction enjoining the state court in the Personal Injury Litigation from enforcing the October 18, 2011 Order because it has attempted to limit

the rights clearly available to the EIT FUND under ERISA and the terms of the Plan Document.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Injunction pursuant to ERISA § 502(a)(3) as follows:

 A. Enjoining the Defendants from petitioning, moving or otherwise attempting to enforce the terms of the October 18, 2011 Order in the Personal Injury Litigation; and

 B. Enjoining the state court in the Personal Injury Litigation from enforcing the October 18, 2011 Order.

## COUNT II –EQUITABLE LIEN

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. By refusing to reimburse the Plan the full amount of benefits paid in the amount of $45,166.32, on Defendant HASTINGS' behalf out of the $125,000.00 recovered in the Personal Injury Litigation, Defendants have violated the terms of the Plan which clearly state that the Plan has a right to reimbursement from any and all money that HASTINGS recovers from the Personal Injury Litigation.

34. The Plan has an absolute right to reimbursement in the amount of $45,166.32.

35. Defendant HASTINGS and MAROVICH have received the $125,000.00 in settlement funds and presently hold them in multiple accounts.

36. The Plaintiff has been harmed as a result of the Defendants failure to act in accordance with

the terms of the Plan.

37. ERISA § 502(a)(3) allows the Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan.

> **WHEREFORE**, Plaintiffs respectfully request that this Court impose an Equitable Lien in the amount of $45,166.32 on the funds recovered from the Personal Injury Litigation for the benefit of the EIT FUND.

### COUNT III –CONSTRUCTIVE TRUST

38. Plaintiff incorporates by reference paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39. By refusing to reimburse the Plan the full amount of benefits paid in the amount of $45,166.32, on Defendant HASTINGS' behalf out of the $125,000.00 recovered in the Personal Injury Litigation, Defendants have violated the terms of the Plan which clearly state that the Plan has a right to reimbursement from any and all money that HASTINGS recovers from the Personal Injury Litigation.

40. The Plan has an absolute right to reimbursement in the amount of $45,166.32.

41. Defendant HASTINGS and MAROVICH have received the $125,000.00 in settlement funds and presently hold them in multiple accounts.

42. The Plaintiff has been harmed as a result of the Defendants failure to act in accordance with the terms of the Plan.

43. ERISA § 502(a)(3) allows the Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan.

> **WHEREFORE**, Plaintiffs respectfully request that this Court impose a Constructive

Trust in the amount of $45,166.32 plus any interest obtained in the event the settlement funds sit in trust for the benefit of the EIT FUND.

## COUNT IV – DECLARATORY JUDGMENT

44. Plaintiff incorporates by reference paragraphs one (1) through forty-three (43) as if fully set forth herein.

45. Pursuant to 28 U.S.C. § 2201, this Court has the power to enter a Declaratory Judgment.

46. Defendants have refused to abide by the clear language of the Plan Document which states that the Illinois Common Fund Doctrine is preempted and no reduction in the amount the Plan seeks for reimbursement is required.

47. An actual controversy exists because Defendants are attempting to adjudicate the Plan's right to reimbursement through a state court adjudication of lien proceeding and the Defendants refuse to reimburse the Plan pursuant to the terms of the Plan.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Declaratory Judgment providing that:

A. The terms of the Plan preempt any claim by the Defendants that the Plan's reimbursement amount must be reduced pursuant to the Illinois Common Fund Doctrine;

B. The October 18, 2011 Order entered by Judge Camille Willis does not affect the Plaintiff's right to 100% reimbursement of the medical benefits on Defendant HASTINGS' behalf; and

C. Plaintiff is entitled to 100% reimbursement of medical benefits paid on Defendant HASTINGS' behalf as provided under the terms of the Plan and that Defendant

      HASTINGS is responsible for making restitution to Plaintiff in the amount of $45,166.32.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following relief:

A.    An injunction enjoining the Defendants from petitioning, moving or otherwise attempting to enforce the terms of the October 18, 2011 Order in the Personal Injury Litigation;

B.    An injunction enjoining the state court in the Personal Injury Litigation from enforcing the October 18, 2011 Order;

C.    An order imposing a constructive trust in the amount of $45,166.32 over the funds recovered by the Defendant HASTINGS in the Personal Injury Litigation and declaring that such funds be held in constructive trust for Plaintiff;

D.    An order granting an equitable lien in Plaintiff's favor with respect to the funds recovered by HASTINGS in the Personal Injury Litigation in the amount of $45,166.32;

E.    A declaratory judgment that Plaintiff is entitled to 100% reimbursement of medical benefits paid on Defendant HASTINGS' behalf as provided under the terms of the Plan and that Defendant HASTINGS is responsible for making restitution to Plaintiff in the amount of $45,166.32;

F.    An order directing Defendants to pay or turn over $45,166.32 from settlement

      recovered in the Personal Injury Litigation to Plaintiff and directing Defendants to execute any documents or instruments necessary to transfer legal title or interest for any such funds or property to the Plan;

G.     An order awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g); and

H.     Such further relief as this Honorable Court deems just.

          Respectfully Submitted,

          **JOHNSON & KROL, LLC**

          /s/ Jeffrey A. Krol – 6300262
          One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

## VERIFICATION

I, Sean P. Madix, Fund Administrator for the Electrical Contractors Association and Local Union 134 IBEW Health & Welfare Trust, verify under penalty of perjury that the forgoing is true and correct.

_____
Sean P. Madix

Executed on December 29, 2011.